UNITED STATES *v.* GUNNING and another.

*(Circuit Court, S. D. New York.* May 8, 1885.)

PATENTS FOR INVENTIONS—PATENT OBTAINED BY FRAUD—MOTION TO REOPEN
    CASE.
        Motion to reopen case for further proof denied, and former opinion (22 FED.
    REP. 653) adhered to.

In Equity.
*Andrew J. Todd,* for defendant Ingersoll.
*G. E. P. Howard,* for plaintiff.

WHEELER, J.   This cause has now been heard upon the motion of
the defendant Ingersoll, made since the hearing in chief, (22 FED.
REP. 653,) to reopen the case for further proof.   The testimony
sought to be had is that of the defendant Gunning, as to making the
invention, and that of one Barnes, in corroboration.   The patent is
No. 265,051, dated September 26, 1882, and is for letters and figures
of enamel, baked on copper or other metal, for signs on windows, and
in other places.   The testimony proposed is in substance that, see-
ing enameled articles, he conceived the idea of making letters and
figures of the same material in the same way before any one else;
and suggested it to others, who acted upon the suggestion, and made
such letters, but not that he ever made any such letters or figures.
The principal testimony is his own, and there is none shown to be
had that he did not know of, nor that the defendant Ingersoll is
shown not to have been aware of before the hearing.   The princi-
pal ground for the motion is that she was not able to take his testi-
mony after the plaintiff's testimony was closed.   He and Barnes were
both witnesses for the plaintiff, but not to the making of the inven-
tion.   It does not appear that he was so far distant that she could
not easily take his testimony if she had known where he was; nor
that she made any arrangement with him, or undertook to, when
she was in communication with him, for taking his testimony, or for
keeping informed of his whereabouts.   Affidavits are made that she
diligently endeavored to find him, when she got ready to take testi-
mony, but what efforts she made are not set out.   On the whole, it
appears that she lost this testimony rather from her own lack of dili-
gence than from any other cause.   She shows no right to have the
case opened according to the usual practice in such cases; and her
motion can be granted only by the exercise of large discretion in her
favor.

As this is a bill to repeal the patent for fault in its procurement,
the existence of the fraud, and not the validity of the patent otherwise,
is the main thing in controversy.   But upon the question whether dis-
cretion should be exercised to give unusual relief, it is proper to look
into the nature of the patented invention far enough to ascertain

whether any useful result is likely to follow from its exercise. Gunning does not pretend that he invented enameling on metal, and of course not that he invented signs, or letters for signs. The materials and mode of manufacture were all old. The most that he did, according to his own story, as now told, was to conceive the idea of making letters out of old materials in an old way. There was nothing new but the purpose. This would not appear to be any patentable invention. *Pennsylvania R. Co.* v. *Locomotive Safety Truck Co.* 110 U. S. 490; S. C. 4 Sup. Ct. Rep. 220.

It does not appear that the patent could be saved from this suit for any good purpose, even if the proposed testimony would save it. Gunning might prefer that the patent should fail from other grounds than his fraud, but he is not asking for anything in this behalf. No costs were allowed against the defendant Ingersoll, and none would be taxable in her favor against the government if she should prevail in this case, and no fraud is proved against her; therefore it can make no difference to her whether the patent fails here or not, unless she wishes to hold it for some improper purpose, which is not to be presumed. Besides this, there is the fact which appears in the case, and which the proposed testimony does not meet, that the patented letters, made by others, were sold by Gunning more than two years prior to his application, which would invalidate the patent, although his affidavit that the invention had not been in public use or on sale for two years prior to the application, which accompanied the application, may not have been made with such fraudulent intent as to warrant a decree setting aside the patent.

Motion denied.